UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KATHERINE STRICKLE,                                                26 CV 1912

              Plaintiff,

                                  **COMPLAINT**
    -against-
                                  JURY DEMAND
THE CITY OF NEW YORK and JOHN AND
JANE DOES #1-7 (the names John and Jane
Doe being fictitious as their true names are
presently unknown),

              Defendants.
-------------------------------------------------------X

Plaintiff, Katherine Strickle, by her attorney, The Law Office of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York and John and Jane Does #1-7 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.     As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

THE PARTIES

4.      Plaintiff is, and was, at all times material herein, a resident of the County of Kings, and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendants John and Jane Does #1-7 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

8.      Defendants John and Jane Does #1-7 are collectively referred to herein as "defendant officers".

9.      At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

**NOTICE OF CLAIM**

10.     Plaintiff, in furtherance of her state causes of action, filed timely notice of claim against the City of New York, in compliance with General Municipal Law Section 50.

11.     At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

12.     This action has been commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     On or about December 31, 2024, at approximately 2:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 34th Street and Broadway, New York, New York, and charged plaintiff with various crimes including N.Y. PL 155.30.05 'Grand Larceny in the Fourth Degree'.

14.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15.     Prior to her arrest, plaintiff was out on the street in Manhattan on her way to Times Square when she stopped to watch some people who were playing a card game on the street.

16.     As plaintiff was watching the card game being played, one of those playing the card game and who appeared to have lost some money in the game started acting up and yelling at everybody around.

17.     Plaintiff got on her scooter to get away from the scene but she was stopped by the man who had lost money playing the card game.

18.     Plaintiff started calling out loud to the police and she flagged down some police officers on the street.

19.     When the police arrived, the man who was holding plaintiff's scooter told the police that he had lost some money in the card game and that plaintiff was present at the scene of the game.

20.     Thereupon, defendant officers arrested plaintiff and tightly handcuffed her with her hands placed behind her back causing the plaintiff to experience pain and numbness.

21.     Defendant officers subjected the plaintiff to an illegal body search.

22.     The officers found only $120 on plaintiff.

23.     Defendant officers did not recover any contraband from their search of the plaintiff.

24.     Plaintiff inquired on multiple occasions as to the reason for her arrest.

25.     Defendant officers did not respond to the plaintiff's inquiries.

26.     Later, the man who had claimed to have lost $1,000 told the officers that he had given the money to one James Stewart, not to plaintiff. Notwithstanding, the defendant officers continued to hold plaintiff.

27.     Eventually, defendant officers forcibly placed the plaintiff inside their police vehicle and transported plaintiff to the Mid-town Precinct.

28.     At the precinct, plaintiff advised defendant officers that she was on a lot of medications which needed to be taken at specific times.

29.     Plaintiff asked the officers to allow her to take her medications or take her to the hospital.

30.     The officers ignored plaintiff's demand to be taken to the hospital.

31.     Plaintiff was then taken to Central Booking without being given her medication and without being taken to the hospital.

32.     The officers seized plaintiff's winter coat from her and refused to allow her to wear her coat as she was transported to Central booking. The officers had told plaintiff that her winter jacket was being held as evidence. Plaintiff felt very cold without her jacket.

33.     While at Central Booking, plaintiff started vomiting and wetting her pants.

34.     Thereafter, at about 2:00 pm the following day, plaintiff was taken to Northwell Hospital where she was treated and discharged.

35.     After plaintiff was discharged from the hospital, she was brought back to Central Booking where she was detained for many more hours.

36.     At some point following her arrest, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

37.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s) and later forwarded to the prosecutors their falsified police records and reports.

38.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

39.     On or about January 1, 2025, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with N.Y. PL 155.30.05 'Grand Larceny in 4th Degree'.

40.     Following her arraignment, plaintiff was released without bail and was required to appear on a future date to defend the charges against her.

41.     When plaintiff was released, the defendants did not return her winter coat to her. Plaintiff walked the streets under the severe winter cold to take a bus home and when she got off the bus, she had to walk many blocks to her house under the cold without her winter coat.

4

42.    Plaintiff contracted pneumonia as a result of being made to walk in the severe winter cold without her winter coat.

43.    Plaintiff appeared in court several times to defend herself against the charges and on March 27, 2025, all the charges brought against her were dismissed.

44.    Each and every officer who responded to and/or was present at the location of the arrest and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

45.    Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

46.    As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST – (42 U.S.C. § 1983) - against defendant officers

47.    The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

48.    Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

49.    The conduct of defendant officers, as described herein, amounted to false arrest.

50.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

51.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION – (42 U.S.C. § 1983) - against defendant officers</u>

52.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

53.     Defendant officers forwarded to the prosecutors their falsified records and statements.

54.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

55.     Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

56.     Plaintiff was required to, and did, appear in court to defend herself from the false charge(s) levied against her with malice by defendants.

57.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

58.     Eventually, the criminal proceedings terminated in plaintiff's favor.

59.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

60.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

61.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers</u>

62.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

63.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

64. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiff had committed grand larceny by taking money belonging to another.

65. The plaintiff was deprived of her liberty as a result.

66. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

67. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL SEARCH & SEIZURE – (42 U.S.C. § 1983) - against defendant officers

69. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

70. The defendant officers searched or caused the plaintiff and/or her property to be searched without any individualized reasonable suspicion that she was concealing weapons or contraband.

71. The conduct of defendant officers, as described herein, amounted to an improper and unlawful search and seizure.

72. The foregoing conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

73. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE FORCE (42 U.S.C. § 1983) - against defendant officers

74. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

75.     Defendants' use of force against plaintiff was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted the defendants.

76.     The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

77.     The foregoing conduct of the defendants violated plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

78.     Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: CRUEL AND UNUSUAL PUNISHMENT (42 U.S.C. § 1983) - against defendant officers

79.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

80.     Plaintiff informed the defendants of her medical condition and the need for her to take her prescribed medications.

81.     Defendants deliberately ignored plaintiff's requests, refused to allow her to see a doctor timely, and withheld prescribed medication.

82.     As a result of this deliberate indifference, plaintiff's condition worsened, leading to vomiting, unnecessary pain and hospitalization.

83.     Defendants deprived plaintiff of her winter coat, transported her to and from cell without her coat, and made her go home in freezing temperature without her winter coat.

84.     As a result of the foregoing conduct, plaintiff endured extreme cold and contracted pneumonia.

85.     Defendants' conduct as described herein, amounted to a reckless disregard for plaintiff's health and safety.

86. The foregoing conduct of the defendants violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

87. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

88. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

89. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

90. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

91. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

92. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

93. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

94. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in

conducting investigations, the proper identification procedures, the constitutional prohibition against racial profiling, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

95. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

96. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

97. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

98. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

99. Notably, numerous civil rights complaints filed in this district and state courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups such as the plaintiff in order to arrest and maliciously prosecute them. *See, e.g., Anthony Holley v. City of New York*

(23 CV 1838), *Sequan Wilson v. City of New York* (Index No. 815834/2022E), *Leotaud Guerra v. City of New York* (Index No. 816562/2021E), *Lashonda Coates-Samuels v. City of New York* (Index No. 33894/2020E), *Robert Collins v. City of New York* (Index No. 32647/2019E), *Timothy Hampton v. City of New York* (18 CV 7755), *Jose DeLeon v. Elvin Pichardo* (15 CV 9804), *Anthony Caceres v. City of New York* (09 CV 8134).

100. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-14th Precinct alleging, among other things, that the police officers falsely arrested and maliciously prosecuted the plaintiffs without probable cause.

101. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

102. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

103. Defendant City of New York maintained the above-described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

104. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

105. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and

11

usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE 1, §§ 5, 6, 8, 11, 12 – against defendants

106. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

107. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

108. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

109. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

110. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

12

TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) – against defendants

111.    The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

112.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

113.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

114.    The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

115.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

116.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

117.    The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

118.    By reason of, and as a consequence of, the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

119.    The conduct of the defendants, as described herein, amounted to assault and battery.

120.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

13

THIRTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES – against defendant City

121. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

122. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

123. Upon information and belief, Defendant City failed to properly screen, hire and/or retain the defendant officers.

124. Upon information and belief, Defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

125. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

126. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

127. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

14

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       March 9, 2026

                   <u>/s/Philip Akakwam</u>
                   Law Office of Philip Akakwam, P.C.
                   303 Livingston St., 2nd Floor
                   Brooklyn, NY 11217
                   (718) 858-2488
                   Email: pakakwam@gmail.com

Index No.: 26-cv-1912

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATHERINE STRICKLE

Plaintiff,

-against-

THE CITY OF NEW YORK and JOHN AND
JANE DOES #1-7 (the names John and Jane
Does being fictitious as their true names are
presently unknown),

Defendants.

---

**COMPLAINT**

---

LAW OFFICE OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff(s)
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

---

Service of a copy of the within is hereby admitted.

Dated: _____

16